UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


DENISE BEVROTTE, on behalf of                    CIVIL ACTION
her son MACEO BEVROTTE, JR.,
deceased, and on behalf of
all others similarly situated


VERSUS                                           NO: 11-543


CAESARS ENTERTAINMENT                            SECTION: R
CORPORATION d/b/a HARRAH'S
NEW ORLEANS HOTEL AND CASINO


### ORDER AND REASONS

Before the Court is defendant Caesars Entertainment Corporation's ("Caesars") motion to dismiss. Because the Court finds that plaintiff Denise Bevrotte has failed to allege facts sufficient to satisfy Federal Rule of Civil Procedure 8, the Court grants Caesars's motion.


**I.   BACKGROUND**

Plaintiff Denise Bevrotte brought this class action complaint on behalf of her deceased son, Maceo Bevrotte, Jr., and all others similarly situated. She contends that her son, a non-smoker, was "continuously exposed to second-hand smoke" during his fifteen years of employment as a poker dealer at Harrah's Casino.[1] Ms. Bevrotte alleges that as a result of this exposure,

_____

[1]    R. Doc. 1 at 9.

her son suffered deleterious health effects, including: "contracting cancer through ingestion of cancer-causing chemicals and toxins; coughing and sore throat; shortness of breath; dizziness; wheezing or tightness in the chest; and headache."[2]

Ms. Bevrotte attempted to bring this action on behalf of a class of "former, current, and future nonsmoking employees" of Caesars who "were, are or in the future will be exposed to unsafe levels of second-hand smoke."[3] This Court granted Caesars's motion to strike class allegations on October 4, 2011 upon its finding that Bevrotte failed to meet the requirements of Federal Rule of Civil Procedure 23.[4] Caesars now contends that following the Order, all that remains for Bevrotte is a claim on behalf of her son for equitable relief based on Louisiana's workplace safety statutes, La. R.S. §§ 23:13 and 23:15. As Bevrotte's claim for equitable relief abated with the death of her son, and because she lacks independent standing to make such a claim, Caesars contends that her complaint must be dismissed with prejudice.[5]

Plaintiff does not dispute that to the extent she sought equitable relief, those claims abated at the death of her son.

---

[2]   *Id.*

[3]   *Id.* at 9-10.

[4]   R. Doc. 8.

[5]   R. Doc. 13-1 at 1-2.

2

Yet she argues that her complaint states a claim for wrongful death damages, for which she has standing under Louisiana's wrongful death statute.[6]

## II.  STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the

---

[6]    R. Doc. 19-1 at 1-2.

3

elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.


## III. DISCUSSION

The parties agree that Ms. Bevrotte may not maintain claims for equitable relief, as those claims abated at the death of her son.[7] The crux of the dispute is, rather, whether Bevrotte's complaint can be read to include claims for damages *in addition*

---

[7]     In Louisiana, "[a]n action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal." La. Code Civ. Proc. art. 428. "A suit seeking only declaratory, injunctive, and mandatory relief is strictly personal and therefore abates upon the death of the plaintiff." Hon. S. Plotkin & M. Akin, 1 *La. Prac. Civ. Proc.* Art. 428 (2011). *See also Pierce v. Bd. of Supervisors of Louisiana State Univ.*, 392 So. 2d 465, 467 (La. App. 1st Cir. 1980) (because the "only relief sought by plaintiff was declaratory, injunctive and mandatory," her "purely personal interest in such relief died with her").

to a request for equitable relief. Bevrotte argues that she has adequately stated claims for damages under Louisiana's wrongful death statutes, La. C.C. arts. 2315 & 2315.2.[8]

Caesars contends first that because "Ms. Bevrotte made a strategic decision when commencing the putative class action to allege only a claim she believed would be common to the class, ... she should not be allowed to change course and read into her Complaint a claim that is simply not there."[9] Caesars urges a stringent pleading requirement that is not in accord with the Federal Rules of Civil Procedure. The Federal Rules "effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief." Wright & Miller, 5 *Fed. Prac. & Proc. Civ.* § 1219 (3d ed.). *See also,* e.g., *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 167 (5th Cir. 2000) ("The form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim.") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981); *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories.")

---

[8]   R. Doc. 19-1 at 2.

[9]   R. Doc. 23 at 2.

(emphasis in original); *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 908 (7th Cir. 2005) (finding that the "complaint does not explain the legal theory that [plaintiff] relies upon, but it was not required to do so[,]" since plaintiff "provided the defendants with adequate notice of her claim"). "[T]he federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining a defense upon the merits." Wright & Miller, 5 *Fed. Prac. & Proc. Civ.* § 1219 (3d ed.). Caesars has not even argued prejudice, nor would such an argument carry the day when discovery has yet to begin, and defendant has not yet even filed responsive pleadings in the case.

While plaintiff need not clearly articulate her legal theory in her complaint, she must nevertheless satisfy Rule 8's mandate of "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Since the original complaint fails to articulate that Ms. Bevrotte is the statutory beneficiary of her son, as is required by Article 2315.2,[10] Caesars contends that her complaint must be dismissed.

---

[10]   *See* La. C.C. art. 2315.2(a):

If a person dies due to the fault of another, suit may

It cites *In re Cooper*, 594 So. 2d 1082 (La. App. 4th Cir. 1992),
for the proposition that a plaintiff's failure to plead a
requisite familial relationship is fatal to alleging a cause of
action for wrongful death under Article 2315.2. The record in
that case included "absolutely no allegation establishing any
relationship between plaintiffs and decedent," *id.* at 1085, while
here, Bevrotte *has* unambiguously alleged in her complaint that
Maceo was her son.[11] But critically, she has not included
allegations that Maceo was unmarried, without children, and
without a living father – necessary components of her claim since
members of a higher class of beneficiaries may preempt the claims
of other classes under the statute. *See Nelson v. Burkeen Const.
Co.*, 605 So. 2d 681, 683 (La. App. 2d Cir. 1992) (citing *Warren
v. Richard*, 296 So. 2d 813 (La. 1974)).

_____

be brought by the following persons to recover damages
which they sustained as a result of the death:

(1) The surviving spouse and child or children of the
deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased,
or either of them if he left no spouse or child
surviving.

(3) The surviving brothers and sisters of the
deceased, or any of them, if he left no spouse, child,
or parent surviving.

(4) The surviving grandfathers and grandmothers of
the deceased, or any of them, if he left no spouse,
child, parent, or sibling surviving.

[11]    *See* R. Doc. 1 at 1.

"Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted*, *Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971 (1982), *cert. dismissed*, 462 U.S. 1125 (1983). "If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted." *Robinson v. Cheetah Transp.*, 2007 U.S. Dist. LEXIS 99002, *6 (W.D. La. 2007) (citing *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). *See also Ditcharo v. United Parcel Service, Inc.*, 376 Fed. Appx. 432, 439 (5th Cir. 2010) (dismissing plaintiff's detrimental reliance claim for failing to allege facts showing element of claim).

Plaintiff has not provided in her complaint any factual allegations sufficient to invite an inference that she is a statutory beneficiary entitled to relief. That these allegations appear in response to defendant's motion does not suffice. *Cf. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 327 (5th Cir. 2002) ("We decline to allow plaintiffs to rely on the contents of their appellate brief as a surrogate for allegations that are missing from their complaint.").

While the Court dismisses Bevrotte's complaint, she is granted leave to amend. *See* Fed. R. Civ. P. Rule 15(a)(2) ("The

8

court should freely give leave when justice so requires.");
*Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208
(5th Cir. 1985) (noting a liberal federal policy regarding
amendment of pleadings, and listing undue delay, bad faith,
dilatory motive, repeated failure to cure deficiencies, undue
prejudice to the opposing party, and the futility of amendment as
acceptable justifications for denying leave).


**IV.   CONCLUSION**

For the foregoing reasons, the Court grants defendant's
motion to dismiss. Plaintiff is hereby granted leave to amend her
complaint within 10 days of the entry of this Order.


New Orleans, Louisiana, this 27th day of February, 2012

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE