UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DENISE BEVROTTE, as statutory             CIVIL ACTION
beneficiary of her son, MACEO
BEVROTTE, JR.

VERSUS                                     NO: 11-543

CAESARS ENTERTAINMENT                      SECTION: R
CORPORATION d/b/a HARRAH'S
NEW ORLEANS HOTEL AND CASINO

**ORDER AND REASONS**

Before the Court is defendant Caesars Entertainment Corporation's ("Caesars") motion to dismiss. Because plaintiff's claims are barred by the Louisiana Workers' Compensation Act ("LCWA" or "the Act"), the Court grants defendant's motion.

**I.  BACKGROUND**

Denise Bevrotte filed an amended complaint alleging that Caesars is liable to her for wrongful death damages in connection with the death of her son Maceo, a former employee of Caesars's who was allegedly exposed to second-hand smoke during his 15 years of employment as a dealer at Harrah's Casino.[1] Plaintiff claims that Maceo was made to endure second-hand tobacco smoke on the gaming room floor, and contends that the Harrah's Casino did

---

[1]   R. Doc. 25.

not employ sufficient ventilation systems or health and safety measures to reduce the risks associated with the second-hand smoke.[2] She alleges that smoking was permitted in the gaming area at Harrah's 24 hours a day, seven days a week; that management forbade all employees from choosing to work at the designated "smoke-free" tables or from complaining about the second-hand smoke on the gaming floor; that management forbade employees from requesting that any customer refrain from smoking, blow smoke away from the table, or move their ashtrays from the table; and that Harrah's actually encouraged its customers to smoke by selling cigars and cigarettes on the gaming floor and offering cigarettes at no cost to active gamblers.[3] She sues defendant for wrongful death damages under La. C.C. art. 2315.2.

Caesars now moves for dismissal of the amended complaint on two grounds: (1) that plaintiff's wrongful death claim is prescribed; and (2) that her wrongful death claim is barred by the Louisiana Workers' Compensation Act.[4] Plaintiff opposes the motion.[5]

**II. STANDARD**

---

[2] *Id.* at 2.

[3] *Id.* at 6-7.

[4] R. Doc. 28.

[5] R. Doc. 29.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949-50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative

level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

**III. DISCUSSION**

**A.   Workers' Compensation**

The Louisiana Workers' Compensation Act provides:

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, *shall be exclusive of all other rights, remedies, and claims for damages*[.]

La. R.S. § 23:1032 (emphasis added). It is "well settled that the LWCA generally applies as the exclusive remedy for both wrongful death and survival actions filed by the survivors of an injured worker[.]" *In re Frank,* 828 F. Supp. 2d 835, 847 (E.D. La. 2011); *see also Theriot v. Damson Drilling Corp.*, 471 So. 2d 757, 758 (La. App. 3d Cir. 1985) (recognizing that "if Mr. Theriot had died as a result of his injuries, the plaintiffs could not have recovered under Article 2315 for his wrongful death or the survivorship action provided by that article," and would have been "relegated to such rights as they may have under the Worker's Compensation law"); *Deshotel v. Guichard Operating Co.*, 861 So. 2d 697, 701-702 (La. App. 3d Cir. 2003), *aff'd,* 916 So.

4

2d 72 (La. 2004), (noting that wrongful death claim based on an accident arising out of and in the course of decedent's employment is squarely within the scope of the Workers' Compensation Act).

Plaintiff contends that her son "contracted leukemia from second-hand smoke inhalation that he experienced while working at Harrah's Casino,"[6] yet argues that whether leukemia is an occupational disease is an issue that must be determined at trial. She cites *Spillman v. Anco Insulations, Inc.*, 994 So. 2d 132 (La. App. 1st Cir. 2008), in support of her contention. Plaintiff in that case sued Exxon after being diagnosed with mesothelioma in 2005. *Id.* at 133. He had worked for Exxon in various positions from 1945 until 1986, a period during which the legislature first adopted the LWCA (in 1952) and later amended it to broaden the scope of coverage for occupational diseases (in 1975). *Id.* at 133-34. After plaintiff died, his wife and daughter pursued the litigation as a survival action. *Id.* at 134. Because the applicable law in a survival action is determined under the significant tortious exposure theory,[7] the *Spillman* Court had to consider when the deceased's cause of action accrued in order to

---

[6] R. Doc. 29 at 5.

[7] *See Walls v. Am. Optical Corp.*, 740 So. 2d 1262, 1273 (La. 1999) (noting that the "exposure theory" applies to determine applicable law in direct tort actions and survival actions).

determine whether mesothelioma was a covered occupational disease under the version of the Act in effect at the time of accrual. *Id.* at 134-37. The court found no error in the trial court's conclusion that plaintiff's cause of action had accrued before La. R.S. § 23:1031.1 was enacted in 1952, and that, consequently, defendant was not entitled to tort immunity. *Id.* at 136.

In the case of wrongful death claims, the context presented here, the Louisiana Supreme Court has held that the LWCA in effect at the time of death is applicable. *See Walls*, 740 So. 2d at 1265-75; *see also in re Frank*, 828 F. Supp. 2d at 847. Accordingly, the Court need not consider when Maceo endured his first significant tortious exposure. The version of the LWCA that applied at the time of Maceo's 2010 death is the current version of the statute, and that version consequently governs Denise Bevrotte's wrongful death claim.[8]

Damages resulting from contraction of an occupational disease are compensable under the LWCA. La. R.S. § 23:1031.1(A). And because the rights and remedies provided by the LWCA are exclusive of all other rights, *see* La. R.S. § 23:1032, a plaintiff may not recover *in tort* if he has suffered an

---

[8] Plaintiff also argues that her amended complaint states a survival claim, but no such claim exists on the face of that complaint. Yet even if there were a survival claim presented, the result would be the same. From the time that Maceo began working at Harrah's, the legislature has not made any changes to the LWCA that would affect Maceo's right to recover in tort.

occupational disease as defined by the Act. The LWCA defines an occupational disease, in relevant part, as "that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease." La. R.S. § 23:1031.1(B). The Louisiana Supreme Court has interpreted the statute to apply to diseases "contracted as a result of work related conditions." *O'Regan v. Preferred Enters., Inc.*, 737 So. 2d 31, 34 (La. 1999). Certain progressive diseases are specifically excluded from coverage, but leukemia does not appear on the list of exclusions. *See* La. R.S. § 23:1031.1(B) (excluding "[d]egenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease" from occupational disease classification).

Because plaintiff contends that Maceo contracted leukemia because of the working conditions at Harrah's Casino, she has alleged an occupational disease as defined by the LWCA. Plaintiff claims that Maceo had to endure high concentrations of second-smoke while working as a dealer at Harrah's, and that he contracted leukemia as a result of Harrah's failure to provide a safe workplace. Indeed, the amended complaint alleges that Caesars' workplace rules essentially prevented employees from protecting themselves from exposure to smoke while working on the gaming floor, and that Caesars actually encouraged customers to

smoke. If indeed second-hand smoke in Harrah's Casino caused Maceo's leukemia as plaintiff alleges, then plaintiff's wrongful death claim is barred by the LWCA's exclusive remedy provision. If it did not, then plaintiff cannot maintain a cause of action against Caesars because there would be no causal link between Maceo's employment with Harrah's and his contraction of leukemia. Either way, plaintiff's complaint must be dismissed.

Because plaintiff's wrongful death claim is barred under the LWCA, the Court need not address whether her claim has also prescribed.

IV. **CONCLUSION**

For the foregoing reasons, the Court grants defendant's motion to dismiss.

New Orleans, Louisiana, this 11th day of July, 2012

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE